IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ALICIA DIEDERICH, Individually and As Parent and Next Friend of P.G., a minor; | ) ) ) |
| 2. EMILY LOUIE, Individually and As Parent and Next Friend of J.L., a minor; | ) ) ) |
| 3. MICHELLE HUNNICUTT, Individually and as Next Friend of S.H., a minor; and | ) ) ) |
| 4. JOHN TAYLOR, Individually and as Parent and Next Friend of A.T., a minor, | ) ) ) CASE NO. ) CIV-2021-54-HE |
| Plaintiffs and Class Representatives. | ) ) ) ) |
| VS. | ) ) |
| HILAND DAIRY FOODS COMPANY, L.L.C., | ) ) |
| Defendant. | ) ) ) |

**FIRST AMENDED COMPLAINT**

Come now the Plaintiffs and Class Representatives, Alicia Diederich, individually, as parent and next friend of P.G., a minor, Emily Louie, individually and as parent and next friend of J.L., a minor; Michelle Hunnicutt, individually and as parent and next friend of S.H., a minor; and, John Taylor, individually and as parent and next friend of A.T., a minor, and for their FIRST AMENDED COMPLAINT and Jury Demand state as follows:

1

## Introduction

1. Plaintiff Alicia Diederich brings this action individually, on behalf of her minor child, P.G., as well as other similarly situated individuals as members of a proposed Plaintiff class. The allegations arise from Defendant's production, processing, packaging and/or distribution of food which was defective. The minor Plaintiff, P.G., and other individuals who are members of a proposed Plaintiff class, consumed the defective product, chocolate milk, and suffered personal injuries as a result.

2. Plaintiff Alicia Diederich, as a member of a proposed Plaintiff class, asserts that the injuries suffered were directly caused by Defendant's actions or inactions and thus, Defendant is liable to the Plaintiffs and the proposed Plaintiff class for those damages.

## Parties, Jurisdiction and Venue

3. At times relevant, Plaintiff Alicia Diederich and her minor daughter, P.G., were and are citizens of the State of Oklahoma. Both reside in Midwest City, Oklahoma.

4. At times relevant, Plaintiff Emily Louie and her minor daughter, J.L., were and are citizens of the State of Oklahoma. Both reside in Oklahoma City, Oklahoma.

5. At times relevant, Plaintiff Michelle Hunnicutt and her minor daughter, S.H., were and are citizens of the State of Oklahoma. Both reside in Edmond, Oklahoma.

6. At times relevant, Plaintiff John Taylor and his minor daughter, A.T., were and are citizens of the State of Oklahoma. Both reside in El Reno, Oklahoma.

7. Defendant Hiland Dairy Foods Company, L.L.C., (hereinafter referred to as "Defendant Hiland") is a foreign for-profit limited liability company incorporated in the State of Illinois, with its principal place of business located in the State of Missouri.

Defendant Hiland may be served through its registered service agent in the State of Oklahoma: Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159.

8. This Court has jurisdiction of the subject matter of this litigation as all parties are diverse from one another and the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332.

9. Pursuant to 28 U.S.C. §1391 venue is proper as Defendant Hiland Dairy is subject to personal jurisdiction in the Western District of Oklahoma and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Norman, Oklahoma and the Oklahoma City Metropolitan Area, both of which lie within the Western District of Oklahoma.

### Factual Allegations

10. Defendant Hiland is in the business of producing dairy products for customers primarily located in the states of Oklahoma, Texas, Arkansas, Missouri, Kansas, Nebraska, and Iowa.

11. Defendant Hiland, according to its website, operates 17 plants and 51 distribution centers across its operating region which consists of the following states: Oklahoma, Texas, Arkansas, Missouri, Kansas, Nebraska, and Iowa.

12. Defendant Hiland owns and operates a facility in Norman, Oklahoma, located in Cleveland County.

13. On or about January 17, 2021, the facility owned and operated by Defendant Hiland in Norman, Oklahoma, reported to the United States Food & Drug Administration

that certain products sold and distributed from the Norman, Oklahoma facility were contaminated.

14. Defendant Hiland's facility in Norman, Oklahoma, sold and distributed certain products that contained food-grade sanitizers.

15. Defendant Hiland reported to the United States Food & Drug Administration that protocols were not followed at the Norman, Oklahoma facility, which resulted in "a small amount of one product being incorrectly filled."

16. The specific product that was incorrectly filled with a food-grade sanitizer was one-half pint 1% low fat chocolate milk.

17. Defendant Hiland has reported to various agencies that the food-grade sanitizer inserted into the chocolate milk containers was Synergex, a chemical used to clean surfaces and dairy processing equipment.

18. The affected products, chocolate milk containers, were sold, distributed and/or otherwise placed into the stream of commerce to institutional customers throughout Oklahoma and Texas by Defendant Hiland.

19. One of the institutional customers that received affected cartons of 1% low fat chocolate milk was SSM Health St. Anthony Hospital – Oklahoma City.

20. On or about January 15, 2021, minors P.G., J.L., S.H., and A.T. were patients admitted to SSM Health St. Anthony Hospital – Oklahoma City.

21. On or about January 15, 2021, minor P.G., while a patient at SSM Health St. Anthony Hospital – Oklahoma City, consumed the affected product of 1% low fat

chocolate milk sold, distributed, and/or otherwise placed into the stream of commerce by Defendant Hiland.

22. On or about January 16, 2021, minors J.L., S.H., and A.T., while patients at SSM Health St. Anthony Hospital – Oklahoma City, consumed the affected product of 1% low fat chocolate milk sold, distributed, and/or otherwise placed into the stream of commerce by Defendant Hiland.

23. As a result of their consumption of affected product sold, distributed, and/or otherwise placed into the stream of commerce by Defendant Hiland, minors P.G., J.L., S.H., and A.T. suffered personal injuries.

## Claim for Relief – Defective Product

24. Plaintiffs incorporate and re-allege the foregoing paragraphs.

25. The aforementioned chocolate milk sold and distributed by Defendant Hiland and consumed by the minors P.G., J.L., S.H., and A.T. was defective and not reasonably fit for the ordinary purposes for which the product was sold.

26. The aforementioned chocolate milk sold and distributed by Defendant Hiland was contaminated by a food-grade sanitizer.

27. The contaminant contained in the aforementioned chocolate milk, a food-grade sanitizer, is not the type of substance that a consumer would expect to be found in chocolate milk.

28. The contaminant contained in the aforementioned chocolate milk, a food-grade sanitizer, was inserted into the chocolate milk containers while the product was in the control of Defendant Hiland.

29. As a result of the defective product sold and distributed by Defendant Hiland and consumed by the minors P.G., J.L., S.H., and A.T., Defendant Hiland is strictly liable to Plaintiffs for any and all injuries and damages suffered by the Plaintiffs and their minor children.

30. As a direct and proximate result of the defects existing in the chocolate milk consumed by the minors P.G., J.L., S.H., and A.T., which was manufactured, distributed, sold and/or placed into the stream of commerce by Defendant Hiland, the minors, P.G., J.L., S.H., and A.T., suffered personal injuries resulting in the following damages: physical and mental pain and suffering, medical expenses, and other damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## Class Allegations

31. As detailed *infra,* Plaintiffs bring this action individually, on behalf of their minor children, and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23.

32. The class that Plaintiffs seek to represent is defined as individuals who suffered injuries from consumption of any of the following defective product placed into the stream of commerce by Defendant Hiland:

> One-Half Pint Hiland Dairy 1% Low Fat Chocolate Milk
> UPC: 72060-00156-3
> Plant Code: 4025
> Sell by Date: January 27, 2021

33. This product described above was distributed to various institutions in the following geographic areas:

>Oklahoma City Metropolitan Area
>Western Oklahoma
>Dallas, TX
>Tyler, TX
>San Antonio, TX

34. Thus, the potential Class Area exists substantially in this District and some areas in the state of Texas.

35. Plaintiffs reserve the right to amend the Class definition, including addition, deletion or modification thereof, if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

36. This action is brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23, and this action satisfies the requirements of the provisions thereof.

37. *Numerosity:* Although Defendant advised the United States Food & Drug Administration that some 400 (four hundred) cartons of chocolate milk were contaminated by Synergex at their Norman processing facility, Defendant has recalled 240,000 containers of milk product with the labeled information described above. Thus, there are likely hundreds of individuals who could have consumed the contaminated product. Joinder of all members of the Class in a single action is impracticable, and therefore, the resolution of their claims through the procedure of a class action will be to the benefit of the parties and the Court.

38. *Commonality:* Plaintiffs' claims raise issues of fact or law which are common to the members of the putative class. These common questions include, but are

not limited to:

      a. Whether Defendant Hiland was negligent or is strictly liable in processing the contaminated product and distributing such product into the stream of commerce;

      b. Whether Defendant Hiland owed a duty to the Plaintiffs and members of the putative class;

      c. Whether Defendant Hiland breached their duty to the Plaintiffs and members of the putative class;

39. ***Typicality:*** Plaintiffs' claims are typical of the claims of the other members of the putative class they seek to represent because Defendant's actions in placing the contaminated product into the stream of commerce posed the same danger and caused the same or similar damages to Plaintiffs and the putative Class Members.

40. ***Adequate Representation:*** Plaintiffs are interested in the outcome of this litigation and understand the importance of adequately representing the Class. Plaintiffs will fairly and adequately protect the interests of the Class sought to be certified. Plaintiffs are adequate representatives of the Class because they have no interests which are adverse to the interests of the members of the putative Class.

41. Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have retained counsel who are competent and experienced in handling class-action and complex tort-litigation and who are qualified to adequately represent the Class.

42. ***Predominance:*** Questions of law or fact common to the members of the Class predominate over questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy

because, *inter alia,* the dominant questions relate to Defendant's actions in processing the contaminated product and placing it into the stream of commerce. The focus of this action will be Defendant's conduct in processing the contaminated product and causing it to be placed into the stream of commerce.

43. Absent class action relief, the putative Class Members would be forced to prosecute dozens, if not hundreds, of similar claims in different venues around the State of Oklahoma and the State of Texas. Such an event would be a tremendous waste of judicial resources. Conversely, the prosecution of these claims as a class action will promote judicial economy.

44. Prosecution of separate actions by individual members of the Class would create a risk of:

> a. Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the Defendant; something inherent in prosecution of a multiplicity of actions;
>
> b. Adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members *not parties* to the adjudications, or substantially impair or impede their ability to protect their interests.

## **Damages**

45. Plaintiffs incorporate by reference the preceding allegations here.

46. As a result of Defendant's selling and distribution of a defective product complained of herein, Plaintiff Alicia Diederich's minor child, P.G., incurred the following damages in excess of $75,000:

      a. Bodily injuries requiring medical treatment;
      b. Physical pain and suffering;
      c. Mental anguish and emotional distress; and
      d. Past and future medical bills and other related expenses for medical treatment and services.

47. As a result of Defendant's selling and distribution of a defective product complained of herein, Plaintiff Emily Louie's minor child, J.L., incurred the following damages in excess of $75,000:

      a. Bodily injuries requiring medical treatment;
      b. Physical pain and suffering;
      c. Mental anguish and emotional distress; and
      d. Past and future medical bills and other related expenses for medical treatment and services.

48. As a result of Defendant's selling and distribution of a defective product complained of herein, Plaintiff Michelle Hunnicutt's minor child, S.H., incurred the following damages in excess of $75,000:

      a. Bodily injuries requiring medical treatment;
      b. Physical pain and suffering;
      c. Mental anguish and emotional distress; and
      d. Past and future medical bills and other related expenses for medical treatment and services.

49. As a result of Defendant's selling and distribution of a defective product complained of herein, Plaintiff John Taylor's minor child, A.T., incurred the following damages in excess of $75,000:

      a. Bodily injuries requiring medical treatment;
      b. Physical pain and suffering;
      c. Mental anguish and emotional distress; and

    d. Past and future medical bills and other related expenses for medical treatment and services.

## Prayer

WHEREFORE, Plaintiffs and the Putative Class pray that this Court award the following relief against Defendant and in favor of Plaintiffs and the Class:

A. Certification of the Plaintiff Class as requested herein;

B. Counsel for Plaintiffs, named below, Appointed as counsel for the Class;

C. Damages to Plaintiffs and the Class Members for the following:

1. Bodily injuries requiring medical treatment;
2. Physical Pain and suffering;
3. Mental anguish and emotion distress; and
4. Past and future medical bills and other related expenses for medical treatment and services;

D. An award of attorney fees, costs, and expenses as allowable, including pre-judgment and post-judgment interest; and

E. All other relief to which Plaintiffs and the Class are entitled or which the Court deems just.

Respectfully submitted,

   /s/Andy J. Campbell
Glendell D. Nix, OBA # 13747
Andy J. Campbell, OBA # 30512
L. Ray Maples, OBA # 18586
Nicole R. Snapp-Holloway, OBA #18472
MAPLES, NIX & DIESSELHORST
15401 N. May Avenue
Edmond, Oklahoma 73013
Tel: 405-478-3737
Fax: 405-513-5005
Email: glendell@mndlawfirm.com
       andy@mndlawfirm.com
       ray@mndlawfirm.com
       nicole@mndlawfirm.com

and

Christian M. Zeaman, OBA #18887
15401 N. May Avenue
Edmond, OK 73013
T: (405)601-3000
F: (888)691-6906
Email: Christian@zeamanlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**JURY TRIAL DEMANDED**