UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.   ALICIA DIEDERICH, Individually and as Parent and Next Friend of P.G., a minor; <br><br> 2.   EMILY LOUIE, Individually and as Parent and Next Friend of J.L., a minor; <br><br> 3.   MICHELLE HUNNICUTT, Individually and as Next Friend of S.H., a minor; and <br><br> 4.   JOHN TAYLOR, Individually and as Parent and Next Friend of A.T., a minor, <br><br>        Plaintiffs and Class        Representatives, <br><br> v. <br><br> HILAND DAIRY FOODS COMPANY, LLC, <br><br>        Defendant. | Case No.: CIV-2021-54-HE |

## ANSWER

COMES NOW the Defendant, Hiland Dairy Foods Company, LLC, by and through

its attorneys of record, ROBERSON, KOLKER, COOPER & GOERES, P.C., who states the

following as its Answer to Plaintiffs' First Amended Complaint filed February 9, 2021, as

follows:

## INTRODUCTION

1.      Defendant currently lacks sufficient information to admit or deny the allegations contained within Paragraph 1 of Plaintiffs' First Amended Complaint, and therefore denies the same and demands strict proof thereof.

2.      Defendant currently lacks sufficient information to admit or deny the allegations contained within Paragraph 2 of Plaintiffs' First Amended Complaint, and therefore denies the same and demands strict proof thereof.

## PARTIES, JURISDICTION, AND VENUE

3.      Defendant currently lacks sufficient information to admit or deny the allegations contained within Paragraph 3 of Plaintiffs' First Amended Complaint, and therefore denies the same and demands strict proof thereof.

4.      Defendant currently lacks sufficient information to admit or deny the allegations contained within Paragraph 4 of Plaintiffs' First Amended Complaint, and therefore denies the same and demands strict proof thereof.

5.      Defendant currently lacks sufficient information to admit or deny the allegations contained within Paragraph 5 of Plaintiffs' First Amended Complaint, and therefore denies the same and demands strict proof thereof.

6.      Defendant currently lacks sufficient information to admit or deny the allegations contained within Paragraph 6 of Plaintiffs' First Amended Complaint, and therefore denies the same and demands strict proof thereof.

7.     Hiland Dairy Foods Company, LLC is an Illinois entity registered with the Oklahoma Secretary of State.  While a proper analysis of Defendant's citizenship status would require an unraveling of the individual member/managers of the LLC, Defendant is not contesting the issue of subject matter jurisdiction before the Court at this time.

8.     Defendant admits the allegations contained within Paragraph 8 of Plaintiffs' First Amended Complaint.

9.     Defendant admits the allegations contained within Paragraph 9 of Plaintiffs' First Amended Complaint.

## FACTUAL ALLEGATIONS

10.     Defendant admits the allegations contained within Paragraph 10 of Plaintiffs' First Amended Complaint.

11.     Defendant admits the allegations contained within Paragraph 11 of Plaintiffs' First Amended Complaint.

12.     Defendant admits the allegations contained within Paragraph 12 of Plaintiffs' First Amended Complaint.

13.     Defendant admits the allegations contained within Paragraph 13 of Plaintiffs' First Amended Complaint.

14.     Defendant admits the allegations contained within Paragraph 14 of Plaintiffs' First Amended Complaint.

15.     Defendant admits the allegations contained within Paragraph 15 of Plaintiffs' First Amended Complaint.

16.     Defendant admits the allegations contained within Paragraph 16 of Plaintiffs' First Amended Complaint.

17.     Defendant admits the allegations contained within Paragraph 17 of Plaintiffs' First Amended Complaint.

18.     Defendant admits the allegations contained within Paragraph 18 of Plaintiffs' First Amended Complaint.

19.     Defendant admits the allegations contained within Paragraph 19 of Plaintiffs' First Amended Complaint.

20.     Defendant currently lacks sufficient information to admit or deny the allegations contained within Paragraph 20 of Plaintiffs' First Amended Complaint, and therefore denies the same and demands strict proof thereof.

21.     Defendant currently lacks sufficient information to admit or deny the allegations contained within Paragraph 21 of Plaintiffs' First Amended Complaint, and therefore denies the same and demands strict proof thereof.

22.     Defendant currently lacks sufficient information to admit or deny the allegations contained within Paragraph 22 of Plaintiffs' First Amended Complaint, and therefore denies the same and demands strict proof thereof.

23.     Defendant currently lacks sufficient information to admit or deny the allegations contained within Paragraph 23 of Plaintiffs' First Amended Complaint, and therefore denies the same and demands strict proof thereof.

**CLAIM FOR RELIEF – DEFECTIVE PRODUCT**

24.     Defendant restates its prior responses to the foregoing paragraphs Plaintiffs' First Amended Complaint as if fully set forth herein.

25.     Defendant admits the allegations contained within Paragraph 25 of Plaintiffs' First Amended Complaint.

26.     Defendant admits the allegations contained within Paragraph 26 of Plaintiffs' First Amended Complaint.

27.     Defendant admits the allegations contained within Paragraph 27 of Plaintiffs' First Amended Complaint.

28.     Defendant admits the allegations contained within Paragraph 28 of Plaintiffs' First Amended Complaint.

29.     Paragraph 29 of Plaintiffs' First Amended Complaint calls for a legal conclusion.  To the extent any further response is required, denied as stated.

30.     Defendant denies the allegations contained within Paragraph 30 of Plaintiffs' First Amended Complaint.

**CLASS ALLEGATIONS**

31.     Paragraph 31 of Plaintiffs' First Amended Complaint constitutes a statement, rather than an allegation, and therefore no further response is required.

32.      Defendant currently lacks sufficient information to admit or deny the allegations contained within Paragraph 32 of Plaintiffs' First Amended Complaint, and therefore denies the same and demands strict proof thereof.

33.     Defendant admits the allegations contained within Paragraph 33 of Plaintiffs' First Amended Complaint.

34.     Defendant currently lacks sufficient information to admit or deny the allegations contained within Paragraph 34 of Plaintiffs' First Amended Complaint, and therefore denies the same and demands strict proof thereof.

35.     Paragraph 35 of Plaintiffs' First Amended Complaint constitutes a statement, rather than an allegation, and therefore no further response is required.

36.     Defendant denies the remaining "class allegations" contained within Paragraphs 36-44 of Plaintiffs' First Amended Complaint.

### DAMAGES

37.     Defendant restates its prior responses to the foregoing paragraphs of Plaintiffs' First Amended Complaint as if fully set forth herein.

38.     Defendant denies the remaining "damage" allegations contained within Paragraphs 46-49 of Plaintiffs' First Amended Complaint.

With regarding to the unnumbered "WHEREFORE" paragraph following Paragraph 49 of Plaintiffs' First Amended Complaint, Hiland Dairy Foods Company, LLC incorporates its response to all of the foregoing and denies that Plaintiffs are entitled to the relief requested therein.

## DEFENSES

Defendant, Hiland Dairy Foods Company, LLC, having fully answered Plaintiffs' First Amended Complaint as set out above, asserts the following defenses, including affirmative defenses:

1.     Defendant reserves the right to contest the reasonableness of Plaintiffs' alleged damages until such time as sufficient proof has been provided.

2.     Plaintiffs' past medical expenses, if any, are subject to the limitations codified in 12 O.S. § 3009.1.  Furthermore, to the extent Plaintiffs are Medicare and/or Medicaid eligible, any liens asserted by parties to the Oklahoma Healthcare Authority General Provider Agreement are limited to the amounts allowable for services for which a beneficiary would have been entitled to have payment made had the provider filed a request for payment.

3.     A total of eight (8) cases of fifty (50) half-pint chocolate milk cartons were affected on January 9, 2021 between the hours of 18:00-18:15.  Upon discovering the issue, Defendant immediately began taking steps to recover the affected products and released a U.S. Food and Drug Administration (FDA) recall notice on January 17, 2021.  Subsequently, a three-week audit by FDA investigators took place on-site in Defendant's Norman facility and no other issues were noted beyond the specific incident at issue.

4.      The expiration date of the 400 contaminated half-pint cartons of milk was January 27, 2021, which has long since expired, and heavily cuts against the need to certify any "class" moving forward.

5.     The specific employee involved in Defendant's breach of process has been terminated.

6.     Absent special circumstances, a party has no duty to anticipate and prevent the intentional or criminal acts of a third-party (even for employees).

7.     The toxicity of the food-grade sanitizer at issue is not known to cause any long-term effects when consumed at the levels indicated.

8.     Defendant further objects to Plaintiffs' class allegations in accordance with Rule 23 of the Federal Rules of Civil Procedure, and will respond more specifically to a motion for class certification submitted, if any.

Defendant reserves the right to amend this Answer, including affirmative defenses, as discovery progresses or in accordance with a scheduling order established by the Court.

WHEREFORE, having fully answered, Hiland Dairy Foods Company, LLC, requests that the Court dismiss Plaintiffs' First Amended Complaint and grant its costs, attorney's fees, and such other relief as this Court deems just and proper.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

  /s/ Drew A. Lagow
Drew A. Lagow, OBA No. 22618
ROBERSON KOLKER COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:      drew@rkcglaw.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

     Glendell D. Nix, Esquire
     Andy J. Campbell, Esquire
     L. Ray Maples, Esquire
     Nicole R. Snapp-Holloway, Esquire
     Christian M. Zeaman, Esquire


                               /s/ Drew A. Lagow
                               For the Firm